IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| CHRISTOPHER JAMAINE LORICK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL No. 2:19-CV-224-Z |
| | § | (CRIMINAL No. 2:18-CR-057-D-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER DENYING
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted to the prison mail system for filing on December 5, 2019 (ECF No. 2 at 12) ("Motion"). The Respondent filed a Response to the Motion. *See* ECF No. 8. Following the Response, Petitioner requested and was granted leave to file a supplement to his Motion. ECF Nos. 11–12. The Respondent then filed a new Response. ECF No. 13. The Petitioner did not file a reply. For the reasons set forth below, the Motion to Vacate is **DENIED**.

#### BACKGROUND

Petitioner moves to set aside his conviction and sentence. On August 21, 2018, Petitioner pleaded guilty to possession with intent to distribute five grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii). *See* CR ECF No. 31 at 1–2 (Plea Agreement).[1] Petitioner was sentenced to 121 months in prison and a supervised release term of five years. CR ECF No. 42 at 2 (Judgment). Petitioner did not file a direct appeal of his conviction or sentence.

---

[1] Record citations to Petitioner's underlying criminal case, *United States v. Lorick*, 2:18-CR-057-D-BR-1 shall be to "CR ECF No." throughout this Opinion.

## LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a Section 2255 Motion, a petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

## ANALYSIS

By his supplement to his Motion, Petitioner clarified that he challenges the effective assistance of his trial counsel due to the failure to file a suppression motion. ECF No. 11.

Ineffective assistance of counsel claims are constitutional claims recognized under Section 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Such claims require the prisoner to prove that his attorney's performance was constitutionally deficient and that he suffered actual prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has repeatedly "made clear that the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation" but to "ensure that criminal defendants receive a fair trial." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Accordingly, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* (emphasis in original).

To prove prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a substantial, not just conceivable, likelihood of a different result." *Cullen*, 563 U.S. at 189 (internal marks omitted).

Simply making "conclusory allegations" of deficient performance and prejudice is insufficient to meet the Strickland test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the prisoner does not satisfy either the deficient-performance or prejudice prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

Petitioner challenges the initial search and seizure of the vehicle that resulted in the discovery of the narcotics. A knowing and voluntary guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Easton*, 937 F.2d 160, 161 (5th Cir. 1989). Specifically, objections to searches and seizures are waived by a guilty plea. *See United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002). The Court further agrees with the Respondent's analysis regarding the probable cause for the traffic stop and resultant search contained in the record. *See* ECF Nos. 8, 13. The police developed reasonable suspicion to detain the Petitioner for five minutes while the drug dog was brought to the site of the stop and the search was not conducted after an unreasonable delay. As such, his counsel was not deficient in failing to file a motion to suppress or in advising Petitioner to accept a plea. Further, without a meritorious motion to suppress, Petitioner cannot show prejudice in the acceptance of the plea.

Thus, Petitioner's Motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Motion is **DENIED**.

**SO ORDERED.**

March 6, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE